**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4247**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICKEY TAYLOR,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-02-1051)

Submitted: February 16, 2007    Decided: April 16, 2007

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Steven W. Sumner, Greenville, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Isaac L. Johnson, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mickey Taylor appeals his conviction and 360-month sentence imposed following his guilty plea to conspiracy to distribute five grams or more of actual methamphetamine and more than fifty grams of a mixture containing a detectable amount of methamphetamine and a quantity of methylenedioxy-methamphetamine ("MDMA"), in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000); possession with intent to distribute a quantity of MDMA, in violation of 21 U.S.C. § 841(a)(1); and possession with intent to distribute five grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

Taylor's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether the district court erred by failing to inform Taylor of the nature and consequences of his guilty plea. In his pro se supplemental briefs, Taylor raised numerous challenges to his sentence and asserted that counsel was ineffective in failing to confront and cross-examine confidential informants and in failing to appeal on the basis of United States v. Booker, 543 U.S. 220 (2005). Because we find that Sixth Amendment error occurred in Taylor's sentencing, we vacate his sentence and remand for resentencing in accordance with Booker.

Allegations of Rule 11 violations are reviewed for plain error where, as here, Taylor did not move to withdraw his guilty plea in the district court. United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002) (stating standard of review). To demonstrate plain error, Taylor must establish that error occurred, that it was plain, and that it affected his substantial rights. United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). If a defendant establishes the first three plain error requirements, see id. at 547-48, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted). Our review of the record leads us to conclude that the district court substantially complied with Rule 11 and Taylor is unable to establish that an error occurred. We find that his guilty plea was knowing and voluntary.

In determining the sentencing range under the Sentencing Guidelines,[1] the probation officer grouped the counts pursuant to USSG § 3D1.2(d). Taylor was held responsible for 1,729.4 grams of methamphetamine and 505 pills of MDMA, which converted to a marijuana equivalency of 3,461.3 kilograms. This drug quantity

---

[1]U.S. Sentencing Guidelines Manual ("USSG") (2000).

resulted in a base offense level of thirty-four[2] pursuant to USSG § 2D1.1(c)(3). The probation officer also recommended a four-level enhancement for Taylor's leadership role in the conspiracy pursuant to USSG § 3B1.1(a), and a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1, for a total offense level of thirty-five. Taylor was also determined to qualify for sentencing as a career offender pursuant to USSG § 4B1.1, which assigned an offense level of thirty-four. Because the offense level based on drug quantity and role in the offense was higher than thirty-four, that offense level applied. Taylor's prior criminal activity yielded a total of seventeen criminal history points, placing him in category VI. The applicable Guidelines range was 292 to 365 months of imprisonment.

Taylor withdrew his objections to the PSR at the sentencing hearing, and we therefore review his sentencing arguments for plain error. Hughes, 401 F.3d at 547. Taylor challenges the PSR's description of his involvement in the conspiracy that began in January 2000 because he was incarcerated until October 2000. He also asserts error in the quantity of drugs attributed to him for sentencing, and the characterization of methamphetamine as "actual" or "pure," because laboratory analysis

_____

[2]The presentence report (PSR) contains a typographical error in the offense level calculations, as the base offense level is thirty-six rather than thirty-four. The error does not extend to the calculation of Taylor's total offense level.

indicated the purity level of the substance did not exceed seventy-four percent, and the Guidelines require a minimum of eighty percent purity to characterize a substance as actual methamphetamine. We conclude that these arguments are without merit. Taylor does not specify any drugs attributed to him based on transactions that were alleged to have occurred during his incarceration, but raises this issue more as an attack on the credibility of the statements of co-conspirators who described his drug transactions. Because Taylor did not assert these objections in the district court, however, there is no record beyond the PSR for this court to consider in relation to his dispute with the drug quantity attributed to him.

Similarly, Taylor cannot demonstrate either error or prejudice with regard to whether the methamphetamine was "actual" methamphetamine. First, Taylor pleaded guilty to an indictment alleging a conspiracy and one transaction that involved "actual" methamphetamine. He may therefore properly be held accountable for that substance in the determination of his sentence. United States v. Revels, 455 F.3d 448, 450 (4th Cir.), cert. denied, 127 S. Ct. 299 (2006). Moreover, the probation officer recognized that the substances tested were not at least eighty percent purity, and accordingly used a lower conversion ratio of one gram of methamphetamine equals two kilograms of marijuana to convert the methamphetamine into marijuana equivalency. The conversion ratio

for methamphetamine "actual" in the Guidelines is one gram of methamphetamine (actual) equals twenty kilograms of marijuana. USSG § 2D1.1, comment. (n.10 Drug Equivalency Tables). Taylor is not entitled to relief on this claim.

Acknowledging that his indictment charges him with actual or pure methamphetamine, Taylor next attempts to argue that the indictment and his plea agreement did not specify whether the drug was d-methamphetamine or l-methamphetamine. This claims fails because the distinction between d- and l-methamphetamine has been eliminated from the Sentencing Guidelines, and l-methamphetamine is now treated the same as d-methamphetamine. See USSG § 2D1.1 & App. C at 430-33 (Amendment 518). Thus, the characterization of the type of methamphetamine did not affect the Guidelines calculation.

Taylor was sentenced before Booker. This court has identified two types of Booker error: a violation of the Sixth Amendment, and a failure to treat the Sentencing Guidelines as advisory. A Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Hughes, 401 F.3d at 546. The Government concedes that the district court erred in imposing the four-level enhancement for Taylor's role in the offense, and we conclude that the enhancement of his offense level based on drug quantity also violated the Sixth Amendment. Taylor pleaded guilty to crimes that involved ten grams or more of actual

- 6 -

methamphetamine, more than fifty grams of methamphetamine mixture, and an unspecified quantity of MDMA. These drug quantities support a base offense level of twenty-six. USSG § 2D1.1(c)(7). However, because Taylor had at least two prior felony convictions of either a crime of violence or a controlled substance offense, and was at least eighteen years old at the time the instant offenses were committed, he was a career offender pursuant to USSG § 4B1.1. See United States v. Chase, 466 F.3d 310, 315-16 (4th Cir. 2006) (rejecting challenge to career-offender status). Taylor's offense level based solely on his career offender status was thirty-four. USSG § 4B1.1(b). An offense level of thirty-four and a criminal history category of VI results in a Guidelines range of 262 to 327 months of imprisonment. USSG, Ch. 5, Pt. A, Sentencing Table. Because Taylor's 360-month sentence exceeds this range, the Sixth Amendment error affects Taylor's substantial rights. See United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005) (holding that to determine whether the defendant's sentence violated his or her Sixth Amendment rights post-Booker, this court looks to the defendant's "guideline range based on the facts he admitted before adjusting that range for acceptance of responsibility").

Taylor also argues that the district court erred in adding three points to his criminal history score based on a 1985 juvenile conviction for which he received a term of imprisonment exceeding one year and one month. It is not necessary to determine

whether error occurred here, as Taylor's substantial rights were not affected. Taylor's criminal history points totaled seventeen; thus, his criminal history category would have remained the same without the inclusion of the disputed conviction. See USSG, Ch. 5, Pt. A, Sentencing Table (criminal history category IV based on thirteen or more points); see also USSG § 4B1.1(b) (stating that a career offender's criminal history category shall be category VI).

Taylor asserts that counsel was ineffective for failure to confront and cross-examine the confidential informants (who Taylor claimed provided perjured testimony) and for failure to appeal on the basis of Blakely/Booker. To succeed in a claim of ineffective assistance on direct appeal, a defendant must show conclusively from the face of the record that counsel provided ineffective representation. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); see also United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255 (2000)). Our review of the record convinces us that Taylor fails to meet this standard.

In accordance with Anders, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. We therefore affirm Taylor's convictions. We conclude,

however, that Taylor's sentence violates <u>Booker</u>.[3]  Accordingly, we vacate his sentence and remand for resentencing.[4]  We grant Taylor's motions to file supplemental pro se briefs but deny his motion to relieve and substitute counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,<br><u>VACATED IN PART, AND REMANDED</u>

---

[3]Just as we noted in <u>Hughes</u>, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Taylor's sentencing.  <u>Hughes</u>, 401 F.3d at 545 n. 4.  <u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[4]Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." <u>Booker</u>, 543 U.S. at 264.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  <u>See Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and then impose a sentence. <u>Id.</u>  If that sentence falls outside the Guidelines range, the court should explain its reasons as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u>  The sentence must be "within the statutorily prescribed range . . . and . . . reasonable." <u>Id.</u> at 546-47 (citations omitted).