**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4969

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICKEY DWAYNE TAYLOR,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (6:02-cr-01051)

Submitted:  August 26, 2008        Decided:  October 14, 2008

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rodney W. Richey, RICHEY AND RICHEY, Greenville, South Carolina, for Appellant.  Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mickey Dwayne Taylor pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute and to possess with intent to distribute five grams or more of actual methamphetamine and more than fifty grams of a mixture containing a detectable amount of methamphetamine and a quantity of methylenedioxy-methamphetamine ("MDMA"), in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000); possession with intent to distribute a quantity of MDMA, in violation of 21 U.S.C. § 841(a)(1); and possession with intent to distribute five grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 360 months of imprisonment, five years of supervised release, and a $300 special assessment. In Taylor's first appeal, we affirmed his convictions but vacated his sentence and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). United States v. Taylor, 224 F. App'x 269 (4th Cir. 2007) (No. 04-4247).

On remand, the Government did not present any evidence to support an enhancement for Taylor's role in the offense pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1 (2000), and the parties agreed that a sentencing range of 188 to 235 months applied. The district court granted the Government's motion for a downward departure for substantial assistance pursuant to USSG § 5K1.1 and sentenced Taylor to 211 months of imprisonment, five

years of supervised release, and a $300 special assessment. On appeal, counsel filed an <u>Anders</u>[*] brief in which he states there are no meritorious issues for appeal, but questions whether the district court erred in sentencing Taylor to 211 months of imprisonment. Taylor was advised of his right to file a pro se supplemental brief, but has not filed a brief. The Government waived the filing of a brief on appeal. We affirm.

We review a sentence imposed by the district court for procedural and substantive reasonableness under an abuse-of-discretion standard. <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007). The court considers the totality of the circumstances in assessing the substantive reasonableness of a sentence. <u>Id.</u> This court presumes that a sentence imposed within the properly calculated Guidelines range is reasonable. <u>United States v. Go</u>, 517 F.3d 216, 218 (4th Cir. 2008); <u>see</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence). In considering the district court's application of the Guidelines, this court reviews factual findings for clear error and legal conclusions de novo. <u>United States v. Allen</u>, 446 F.3d 522, 527 (4th Cir. 2006).

The district court correctly calculated Taylor's Guidelines range, which resulted from both the drug quantity determination and Taylor's status as a career offender, as each

---

[*]<u>Anders v. California</u>, 386 U.S. 738 (1967).

yielded a base offense level of thirty-four. The court then reduced its intended sentence of 235 months by twenty-four months to reach its sentence of 211 months. Although counsel suggests that Taylor should have received a greater reduction for his assistance to authorities, he does not provide any specific reasons for this assertion. Moreover, in explaining the Government's departure motion, the Assistant United States Attorney stated that, although Taylor qualified for a departure, his cooperation was not extensive. Our review of the record leads us to conclude that Taylor's sentence is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Taylor's sentence. This court requires that counsel inform Taylor, in writing, of the right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Taylor. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4